FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 10  PM 12: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 01-2736** |
| **NATIONAL ASSOCIATION OF LETTER CARRIERS, BRANCH NO. 2730, ET AL.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion and Incorporated Memorandum in Support of Motion for Leave to File Amended Complaint (doc. #45),** filed by the plaintiff, Richard Wilson ("the plaintiff"), seeking to amend his Complaint to: (1) allege that the defendants violated the collective bargaining agreement and breached its duty of fair representation in connection with the plaintiff's appeal of his termination from the United States Postal Service by deliberately suppressing information and making false and deliberate misrepresentations; and (2) to add as defendants, unidentified employees and/or agents of defendants National Association of Letter Carriers, Branch 2730 ("NALC Branch 2730") and the National Association of Letter Carriers, AFL-CIO ("NALC AFL-CIO").

According to the plaintiff, defendant United States Postal Service does not oppose the motion. Further, the defendants NALC Branch 2730 and NALC AFL-CIO do not oppose the plaintiff's attempt to amend its breach of duty of fair representation claims. However, the NALC defendants do oppose the plaintiff's attempt to add its union representatives as individual defendants as the amendment is

___ Fee_____
___ /Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

futile as union employees cannot be held liable for breach of the duty of fair representation pursuant to federal law.

A hearing on this motion, on the briefs, was scheduled for May 25, 2005.

I. **Background**

    A. **Factual Background**

The plaintiff commenced this action alleging that the defendants (1) violated the Rehabilitation Act and Labor-Management Relations Act, (2) breached a Collective Bargaining Agreement and (3) breached their duty of fair representation and fiduciary duty owed to the plaintiff in connection with the plaintiff's appeal of his termination from the United States Postal Service. In February 2000, the plaintiff alleged that he sustained a back injury as a result of a dog attack while delivering mail. In July 2000, the plaintiff received a written "Notice of Proposed Removal," indicating the Postal Service's intent to terminate his employment for participating in activities which exceeded the plaintiff's medical restrictions while on continuation of pay. As a result, the plaintiff enlisted the assistance of his union representative in response to the notice. However, in September 2000, the plaintiff was terminated and sought his union's assistance in the appeal process in hopes of a reversal.

According to the plaintiff, he took the steps as advised by his union, expecting that the union would follow through with their efforts. However, the plaintiff claims that upon repeated requests for information throughout the appeal process, the union provided little to no information, and after enlisting the assistance of counsel, was informed that the matter was closed. As a result, the plaintiff contends that he is uncertain as to whether the union timely and properly protected his appeal rights during the grievance appeal. As such, the plaintiff alleges that the union breached its duty of fair representation and fiduciary duty.

B.    **Procedural Background**

During the course of this proceeding, the Government instituted a parallel criminal investigation into the facts regarding the plaintiff's reason for obtaining medical leave. As a result, in March 2002, all parties filed a Joint Motion to Stay the Civil Proceeding considering that the civil discovery in the instant case could potentially harm the criminal investigation. (See Rec.Doc. No. 25, Joint Motion). The Court granted the motion and the matter was administratively closed until reopened by counsel. (See Rec. Doc. No. 25, Order)

In June 2004, the plaintiff filed a motion to dissolve the stay order. (See Rec. Doc. No. 29). In October 2004, the Court granted the plaintiff's motion and the matter was reopened. (See Rec. Doc. No. 35).

In December 2004, a Pre-Trial conference was held before the District Judge and deadlines were established. (See Rec. Doc. No. 42). Specifically, the scheduling order provided that the deadline for amending pleadings was January 14, 2005. *Id.* However, on May 6, 2005, the plaintiff filed the instant motion to amend its complaint to assert liability against the union employees and/or agents and to allege that the defendants also breached their duty of fair representation by deliberately suppressing information and making false and deliberate misrepresentations.

II.   **Standard of Review**

Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial

B.      **Procedural Background**

During the course of this proceeding, the Government instituted a parallel criminal investigation into the facts regarding the plaintiff's reason for obtaining medical leave. As a result, in March 2002, all parties filed a Joint Motion to Stay the Civil Proceeding considering that the civil discovery in the instant case could potentially harm the criminal investigation. (See Rec.Doc. No. 25, Joint Motion). The Court granted the motion and the matter was administratively closed until reopened by counsel. (See Rec. Doc. No. 25, Order)

In June 2004, the plaintiff filed a motion to dissolve the stay order. (See Rec. Doc. No. 29). In October 2004, the Court granted the plaintiff's motion and the matter was reopened. (See Rec. Doc. No. 35).

In December 2004, a Pre-Trial conference was held before the District Judge and deadlines were established. (See Rec. Doc. No. 42). Specifically, the scheduling order provided that the deadline for amending pleadings was January 14, 2005. *Id.* However, on May 6, 2005, the plaintiff filed the instant motion to amend its complaint to assert liability against the union employees and/or agents and to allege that the defendants also breached their duty of fair representation by deliberately suppressing information and making false and deliberate misrepresentations.

II.     **Standard of Review**

Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial

reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). And, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

Further, Federal Rule of Civil Procedure 15(d) provides that a party may be permitted to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Nonetheless, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) However, leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

However, before assessing the Rule 15 factors, the Court must conduct its analysis pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Fifth Circuit has held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters., L.L.C. v. South Trust Bank*

*of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). This necessary examination renders the Rule 15 inquiry "secondary." *Id.* at 536 n.4.

To demonstrate good cause, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *Id.* at 535. In the context of untimely motions to amend pleadings, the court should consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### III. Analysis

Pursuant to the Scheduling Order issued in this case, the deadline for amending pleadings was January 14, 2005. Therefore, the amendment is untimely and the plaintiff must show that good cause exists to modify the scheduling order prior to this Court granting leave to amend.

However, the plaintiff's does not provide the Court with any explanation as to why the scheduling order should be modified, and therefore, fails to meet the good cause requirement. Therefore, the plaintiff's motion for leave to file the amended complaint is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff, Richard Wilson's **Motion and Incorporated Memorandum in Support of Motion for Leave to File Amended Complaint (doc. #45)** is hereby **DENIED**.

New Orleans, Louisiana, this 10th day of August 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE