UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


RICHARD WILSON                              CIVIL ACTION


VERSUS                                      NO. 01-2736


NATIONAL ASSOCIATION OF LETTER              SECTION "F"
CARRIERS, BRANCH NO. 2730, ET AL.

<u>ORDER AND REASONS</u>

Before the Court are five motions: (1) defendant United States Postal Service's motion for summary judgment; (2) defendant Dauphin's motion to dismiss or for summary judgment; (3) defendant Schayot's motion to dismiss or for summary judgment; (4) defendant United States Postal Service's and defendant Lipham's motion to dismiss or for summary judgment; and (5) plaintiff's motion for partial summary judgment.  For the reasons that follow, the motions are DENIED.


**Background**

This case has a long tortured history.  While Richard Wilson was delivering mail for the United States Postal Service in February 2000, a dog ran at him, which caused him to fall down and injure his back.  Mr. Wilson continued to work for a disputed length of time and, at some point, his doctors placed limitations on his activities, including work; the plaintiff received Continuation of Pay benefits when he was not working.  In May 2000,

1

the USPS conducted surveillance of Mr. Wilson, who was observed playing golf.  It was at this same time that Mr. Wilson attempted to return to work.  An investigation revealed that Mr. Wilson had been playing golf since his injury.  Christopher Lipham, the USPS investigator, showed the video surveillance to the plaintiff's treating physician, who then submitted a sworn statement that it appeared the plaintiff had been misrepresenting his complaints of severe low back pain.  Ultimately, the USPS fired Wilson for participating in activities that exceeded his medical restrictions while he was receiving continuation of pay benefits.  The parties dispute, among other things, the extent of the grievance appeal process that Wilson initiated.

On September 6, 2001, Mr. Wilson sued the National Association of Letter Carriers, Branch No. 2730, the National Association of Letter Carriers, AFL-CIO, and the United States Postal Service for violation of the collective bargaining agreement between the NALC and the USPS by firing him and failing to offer the requisite grievance procedures; he also alleged that NALC violated its duty of fair representation.  In March 2002, the Court granted a joint motion to stay these civil proceedings pending a criminal investigation into the facts regarding Mr. Wilson's medical leave. On October 27, 2004, the Court granted the plaintiff's motion to dissolve the order for stay.  On May 4, 2006, Magistrate Judge Roby granted in part and denied in part the plaintiff's motion to amend

his complaint.   Mr. Wilson added an interference claim under the Family Medical Leave Act against USPS, Stuart Schayot, Ronald Dauphin, and Christopher Lipham.[1]   Defendants USPS, Schayot, Dauphin, and Lipham move to dismiss Wilson's claims and, alternatively, seek summary judgment.  Wilson seeks partial summary judgment.[2]

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

---

[1] Wilson was also granted leave to file state tort law claims of defamation against the Union and its employees; however, the NALC's motion to dismiss this claim was granted by the Court as unopposed on July 19, 2006.

[2] The Court notes that Wilson does not clearly define the issues on which he seeks partial summary judgment or whether he seeks partial summary judgment against the USPS, the NALC, or both.

motion.   See id.   Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.   Id. at 249-50 (citations omitted).   Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.   See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.   See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).   Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.   Id.   Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.   Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).   Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

The plaintiff contends, among other things, that defendants violated the Family and Medical Leave Act by meeting with the plaintiff's doctor, Dr. Culicchia, and securing Wilson's medical records and an affidavit -- Dr. Culicchia submitted a sworn statement that the plaintiff had misrepresented his complaints of pain; the defendants relied on this affidavit to terminate Wilson. He further contends that the USPS breached the collective bargaining agreement by firing him without just cause and failing

to provide him with the requisite grievance process.  He says that the NALC breached its duty of fair representation.

The USPS and individual defendants move for summary judgment and the plaintiff moves for partial summary judgment.  But the record shows that there exist issues of material fact regarding the circumstances and timing of plaintiff's medical release, attempt to return to work, and termination, as well as the defendants' investigation of the plaintiff's disability, and the grievance procedure that followed his termination.  This case is clearly not ripe for summary judgment.

Accordingly, the motions are DENIED.

New Orleans, Louisiana, December 22, 2006.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE